UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERT E. HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-275 (JCH) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

The matter is before the Court on Petitioner Albert Hall's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Doc. No. 1), filed February 6, 2007. The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On January 18, 2000, Petitioner pleaded guilty in the Circuit Court of Shelby County, Missouri to Statutory Rape in the First Degree. (Resp, Doc. No. 7 at Ex. A p. 8). At his sentencing on April 13, 2000, Petitioner admitted that a prior Ohio conviction of Sexual Battery in the Third Degree qualified him as a predatory sexual offender under Mo. Rev. Stat. § 558.018.5(2). (Id. at pp. 2, 25-30). The court then sentenced Petitioner to life with the possibility of parole after fifteen years. (Id.). Petitioner did not file a direct appeal. On July 12, 2000, Petitioner filed his Rule 24.035 Motion for post-conviction relief in the Circuit Court of Shelby County. (Id. at p. 59). On February 8, 2005, the court denied his Rule 24.035 motion. (Id. at p. 85). Petitioner filed his appeal on March 4, 2005. (Id. at p. 90). On April 25, 2006, the Missouri Court of Appeals affirmed the denial of his post-conviction motion, but remanded the case to correct an error in the written judgment, which errantly

stated that Petitioner was a "persistent sexual offender" instead of a "predatory sexual offender." (Id. at Ex. E).

As previously stated, Petitioner filed his § 2254 Petition on February 6, 2007. In his § 2254 Petition, Petitioner raises the following grounds for relief:

1. The trial court erred in sentencing Petitioner as a predatory sexual offender because it did not require a jury to find that his prior Ohio conviction satisfied Mo. Rev. Stat. § 558.018.5(2);

2. He received ineffective assistance of counsel when his trial counsel waived, without informing him, the State's burden of proving that he was a predatory sexual offender;

3. He received ineffective assistance of counsel when his trial counsel advised him to plead guilty without first informing him about the predatory sexual offender statute;

4. The prosecutor committed prosecutorial misconduct by vindictively seeking to file an amended information to prevent him from pleading guilty to the original information;

5. The trial court subjected him to double jeopardy by using the Ohio conviction to enhance his punishment above what is allowed under Missouri law; and

6. He received ineffective assistance of appellate counsel during the appeal of his post-conviction motion because appellate counsel refused to raise every argument raised with the motion court.

(§ 2254 Pet. at pp. 16-31). Respondent filed his response on April 6, 2007. (Doc. No. 7). Petitioner filed his Traverse on April 27, 2007. (Doc. No. 9).

## **DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969), quoting Townsend v. Sain, 372 U.S. 293, 312 (1963). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997),

quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529

U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

## Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

## Procedural Default

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted). An inmate defaults claims that were not properly raised before the state court. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). If an inmate fails to properly raise a claim in the state court proceedings, the claim is defaulted, and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). When a claim is defaulted, the Court will only consider it where the petitioner can establish either cause for the default and actual prejudice or that the default resulted in a fundamental miscarriage of justice. Sawyer v. Whitney, 505 U.S. 333, 338 (1992).

In **Claim One**, Petitioner alleges that the trial court erred by not requiring a jury to determine that his Ohio conviction qualified him as a predatory sexual offender. In **Claim Two**, Petitioner alleges that he received ineffective assistance of counsel when his trial counsel waived the State's burden of proving that he was a predatory sexual offender. In **Claim Three**, Petitioner alleges that he received ineffective assistance of counsel because his trial counsel advised him to plead guilty without explaining the predatory sexual offender statute to him. In **Claim Four**, Petitioner alleges that the prosecutor vindictively amended the indictment. In **Claim Five**, Petitioner alleges the trial court's use of the Ohio conviction to enhance his sentence amounted to double jeopardy. In **Claim Six**, Petitioner alleges that he received ineffective assistance of appellate counsel during the appeal of his post-conviction motion because counsel prevented him from presenting all the arguments he wanted to present. Petitioner raised the first three claims in his Rule 24.035 Motion, but did not raise them on appeal. (Resp. at Ex. A pp. 59-84, Ex. C). Additionally, Petitioner never raised the final three claims in the state court. (Id.). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53.

Because Petitioner failed properly to raise these claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995). The Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A miscarriage of justice occurs in the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent to the crime." McCleskey v. Zant, 499 U.S. 467, 494 (1991). In order to satisfy this exception, Petitioner must show that it is "more likely than not that, in light of new evidence, no reasonable juror would have convicted him." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (quoting Cassell v. Norris, 103 F.3d 61, 62 (8th Cir. 1996)).

Here, Petitioner alleges that his post-conviction appellate counsel's failure to raise these claims satisfies the cause requirement. The Court disagrees because there is no constitutional right to effective assistance of post-conviction counsel, meaning ineffective assistance of post-conviction counsel cannot provide cause for the procedural default of claims. Simpson v. Norris, 490 F.3d 1029, 1033-34 (8th Cir. 2007). Additionally, Petitioner has not shown that a miscarriage of justice has occurred. Petitioner does not dispute that he is guilty of statutory rape. He only contends his sentence was improperly enhanced because of the Ohio conviction. The record, however, reflects that he admitted the existence of this conviction. (Resp. at Ex. A pp. 29-30). The record also shows that the Ohio victim was willing to travel to Missouri to provide testimony about the facts underlying the conviction. (Id. at Ex. B p. 14). As such, this case is not the extraordinary case where it appears that an innocent person has been convicted. To the contrary, Petitioner's guilt in both the Ohio case and the Missouri case is clear. As such, Petitioner's claims are dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 3rd day of June, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE